WILLARD, APPELLANT, *v.* SMITH, RESPONDENT.

(No. 2,321.)

(Submitted November 10, 1906. Decided November 26, 1906.)

*Contracts—Breach—Real   Property—Measure   of   Damages— Pleadings—Complaint.*

    1. The measure of damages recoverable in an action for the breach of a contract to convey real property is, under section 4306 of the Civil Code, in the absence of bad faith on the part of the vendor, the price paid for the property, together with the expenses properly incurred in examining the title and preparing the necessary papers, with interest. Plaintiff in such an action sued to recover the amount paid by him to secure title, after discovering that defendant was unable to convey it. *Held,* that bad faith not having been alleged, recovery could only be had for the amount paid to defendant on the purchase price, together with incidental expenses, and that the court properly sustained defendant's objection to the introduction of any evidence by plaintiff for the reason that the complaint failed to state a cause of action.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by David Willard against E. G. Smith. From a judgment for defendant, plaintiff appeals. Affirmed.

*Messrs. Kirk & Clinton,* and *Mr. C. A. Wallace,* for Appellant, citing on the measure of damages recoverable by plaintiff: *Cade* v. *Brown,* 1 Wash. 401, 25 Pac. 457; *Neppach* v. *Oregon & California R. R. Co.* (Or.), 80 Pac. 482; Century Digest, sec. 1047.

*Messrs. Parr & Langford,* for Respondent, citing *Morgan* v. *Bell,* 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; *Johnson* v. *McMullin,* 3 Wyo. 237, 21 Pac. 701, 4 L. R. A. 670; *Sawyer* v. *Warner,* 36 Iowa, 333; *Cockroft* v. *New York etc. Ry. Co.,* 69 N. Y. 201; *Sweem* v. *Steele,* 5 Iowa, 352; *Foley* v. *McKeegan,* 4 Iowa, 1, 66 Am. Dec. 107; *Thompson* v. *Guthrie,* 9 Leigh, 101, 33 Am. Dec. 225; *Conger* v. *Weaver,* 20 N. Y. 144; *Drake* v. *Baker,* 34 N. J. L. 358; *Peters* v. *McKeon,* 4 Denio, 546; *Hall* v. *Delaplaine,* 5 Wis. 206, 68 Am. Dec. 57; *McNair* v. *Compton,* 35 Pa. St. 23; *Leggat* v. *New York Mutual Life Ins. Co.,* 53 N. Y. 394; *Herndon* v. *Harrisson,* 34 Miss. 486, 69 Am. Dec. 399.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover damages for a breach of a contract entered into between plaintiff and defendant, under the terms of which the latter agreed to convey to the former lot 20, block 4, in the Boulevard addition to the city of Butte. At the trial the defendant objected to the introduction of any evidence by plaintiff, for the reason that the complaint does not state a cause of action. The objection was sustained, and judgment entered for the defendant for costs. The appeal is ·from the judgment. The question submitted for decision is whether the ruling of the district court was correct.

The complaint, omitting formal parts, alleges: "That on or about the 2d day of October, 1901, plaintiff entered into an agreement, in writing, with the defendant for the purchase of lot 20, in block four (4) of the Boulevard addition of Butte, Mont., for the consideration of one hundred fifty dollars ($150);

a copy of which agreement is attached to and made a part of this complaint and marked 'Exhibit A.'

"That the plaintiff paid the defendant said sum of one hundred and fifty dollars ($150), as provided for in said agreement, and fully complied with every part of said agreement to be by him kept and performed.

"That thereafter, and relying on the conditions of said agreement, plaintiff entered into possession of said described premises and made improvements thereon of the value of twelve hundred dollars ($1,200.00). That after making said improvements, plaintiff learned for the first time that the defendant was unable to convey a good title to the said described property and was not the owner thereof, and that one George W. Berry did own the said property.

"That by reason of said agreement with the defendant and the making of the improvements by the said plaintiff, in reliance upon the terms and conditions of said agreement, plaintiff was compelled to and did purchase from said George W. Berry, the real owner of the said premises, the title thereto for the consideration of five hundred dollars ($500.00). That said purchase was necessary on the part of the plaintiff to protect himself for the improvements made on said premises.

"That plaintiff demanded of the defendant a fulfillment by him of his agreement to sell and convey said property to the plaintiff, and that the said defendant wholly failed and neglected to so fulfill said agreement, and that by reason of the breach thereof plaintiff has sustained damage in the sum of five hundred dollars ($500.00); being the sum which plaintiff was compelled to pay to get title to the said property, in addition to the amount paid to the defendant.

"Wherefore, plaintiff prays judgment against the said defendant for the sum of five hundred dollars ($500.00) and costs of this action."

The portion of the contract pertinent here is the following: "This agreement made and entered into this 2d day of October, 1901, between E. G. Smith, party of the first part, and David

Willard, party of the second part, witnesseth: That the said party of the first part, for and in consideration of the promises and agreements of the party of the second part, hereinafter contained, does hereby agree to sell and convey unto the said party of the second part, lot 20, block 4, Boulevard addition to Butte, Mont., according to the official plat and survey thereof now on file in the office of the county clerk and recorder of Silver Bow county, Mont., upon the following terms and conditions, to-wit," etc. Following are the promises and agreements of the plaintiff, among which is his promise to pay the defendant $150; $50 of this to be paid in cash, and the balance in monthly installments of $25 each, with interest. The writing does not expressly fix the time for the making of the conveyance, but the clear implication is that this was to follow immediately the payment of the last installment of the purchase price as promised by plaintiff. It may be remarked further, that the writing calls for a conveyance of the title. Its requirements could not be met by a conveyance not effective of that purpose.

It will be noticed that the plaintiff has proceeded upon the theory that he is entitled to recover the amount paid by him to secure the title after his discovery that defendant could not convey it to him. In other words he sues for reimbursement in this amount, not for the amount paid defendant. The cause was submitted to the district court on this theory, and counsel argues here that his position is correct. The only question submitted by him is: What is the proper measure of damages?

There is a conflict in the decisions of the courts of the different states upon this question, but the rule in this state has been fixed by statute. Section 4306 of the Civil Code provides: "Section 4306. The detriment caused by the breach of an agreement to convey an estate in real property is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly in-

curred in preparing to enter upon the land." Here no bad faith is alleged; therefore the rule stated in the first part of the section must apply, viz., that the amount recoverable, if anything, is the price paid, together with the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon. Upon his own statements the plaintiff has secured the title. He therefore has the land with the improvements and thus has the advantage of any enhancement of value since the contract was made. So that the only detriment he has suffered has been his payments to defendant, together with the incidental expenses, if any.

The action of the district court was correct and its judgment must be affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.